(113 So. 321)

**FRANKLIN v. STATE. (4 Div. 260.)**

Court of Appeals of Alabama.  May 10, 1927.

Rehearing Denied June 7, 1927.

Marcus J. Fletcher, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J. ▪ Refused charge 8 was specifically covered by the court in his oral charge, and therefore its refusal did not constitute reversible error. Code 1923, § 9509.

▪ The judgment entry recites that defendant demanded a severance, which was granted, and on motion of the solicitor defendant is put upon trial. It developed during the progress of the trial by a statement of the solicitor that the severance had been requested by the state. It is now urged that this fact entitles defendant to a reversal. No ruling of the court was invoked upon this question, and no exception reserved. In any event, no injury could have resulted to defendant. The court had the power to order the severance on motion of the state. Wilkins v. State, 112 Ala. 55, 21 So. 56. The defendant, being jointly indicted with another, had a right to demand a severance. Code 1923, § 5570. It is clear that one or the other demanded or moved for it. The severance was ordered by the court, and whether at the instance of the state or defendant is of no moment.

▪ No exception was reserved to any part of the court's oral charge. In the absence of such exception, this court will not review the excerpt from the oral charge now complained of.

▪ The fact that the witness Campbell saw some cotton at a gin in Evergreen was irrelevant and immaterial, but the answer could not and did not affect the substantial rights of defendant.

We have examined the rulings of the court upon the admission of testimony, and, while there are some technical errors in some of these rulings, it does not appear from a reading of the whole record that the defendant was probably injuriously affected in any substantial right. The defendant appears to have had a fair trial, in which there appears no error which would justify a reversal.

Let the judgment be affirmed.

Affirmed.