199 So. 806

## COX v. STATE.

### 6 Div. 622.

Supreme Court of Alabama.

Jan. 16, 1941.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

Frank D. Hollifield, J. Howard Perdue, and Beddow, Ray & Jones, all of Birmingham, for appellant.

BOULDIN, Justice.

The words or acts of a third person in the absence of the accused are inadmissible except on the theory of a conspiracy between such third person and the accused.

"The principle upon which such declarations are admitted is that the conspirators, by the act of conspiring, 'have jointly assumed to themselves the attribute of individuality, so far as regards the prosecution of the common design, thus rendering whatever is said or done by any one in furtherance of that design, a part of the res gestæ, and therefore the act of all.' 3 Greenl.Ev. § 94. It is necessary, before such evidence can be admitted, that a foundation should be laid by proof, addressed to the court, prima facie sufficient to establish the existence of such a conspiracy. McAnally v. State, 74 Ala. 9. But such evidence will generally, from the nature of the case, be circumstantial. 3 Greenl.Ev. § 96." Hunter v. State, 112 Ala. 77, 21 So. 65, 66; Patterson et al. v. State, 202 Ala. 65, 79 So. 459; 22 C.J.S., Criminal Law, § 760, page 1300.

The function of the court in such inquiry is to determine the admissibility of the declarations or acts of the alleged coconspirator. When admitted, the credibility of the testimony touching a conspiracy, and of the testimony touching the alleged declarations or acts of the coconspirator and whether they are in furtherance of a common design and the probative force of it all in establishing the guilt of the accused are issues of fact for the jury. Authorities supra; 23 C.J.S., Criminal Law, §§ 1137, 1138, pages 633, 634.

The trial court admitted over the objection of defendant the testimony of a state's witness to the effect that a younger brother of the accused offered the witness money to put the deceased "on the spot."

The evidence disclosed that defendant, a young man twenty-two years of age, and his brother, some eighteen years of age, were together for several hours at Chicken Jack's, a soft drink and beer stand, with dance hall; that deceased, in company with others, came to this place shortly before closing time at midnight on Saturday night. As the parties were leaving, an altercation arose in which this defendant struck deceased with a knife resulting in death within in a short time. The declaration of the younger brother, according to the State witness, was at this place some three hours before the killing, the defendant not being within hearing distance. Other evidence tended to show the two brothers were together outside the house, when defendant called to deceased, and brought on the interview which ended with the killing, that both brothers were aggressors in the attack and hurried away together. Evidence introduced after the admission of the testimony complained of tended to show declarations by both brothers, while together, a short time before the killing, indicating ill will, and pursuit of deceased with intent to do him violence. Defendant's evidence was in conflict with that of the State touching these prior declarations, touching the alleged proposal of the younger brother to the State witness, and as to who was the aggressor in the fatal rencounter.

The entire evidence tending to show a conspiracy must be looked to on appeal, and the trial court will not be held in error in admitting the declarations of the alleged coconspirator, if such evidence makes a prima facie case of conspiracy.

So considered, we find no reversible error in the admission of the evidence in question.

While considering the objection to the admissibility of this evidence, the court recited the features of the evidence

from which he concluded it was admissible. It is argued this recital, being stated as facts in the presence of the jury, was a statement of the effect of the evidence invading the province of the jury. This insistence was not called to the attention of the court at the time, nor objection made on that ground. True, the court should take care, in discussing matters with counsel, to avoid remarks which may be taken by the jury as a finding on the effect of the evidence; and should make clear the issues solely for the jury's solution.

In his oral charge the court quite explicitly instructed the jury they were the sole judges of the evidence saying among other things: "The court cannot even intimate what he may think about the evidence as a whole, or any part of it, for the simple good reason the law says the jury is the sole and exclusive judges of the facts." We find no error to reverse in the matter urged in argument.

■ The fact that defendant and deceased had a fist fight four to six years before the homicide, when defendant was sixteen to eighteen years of age, drawn out on cross-examination of defendant, was followed by further cross-examination furnishing some evidence that ill feeling was still harbored because of such fight. Such evidence was admitted without error as a circumstance to be considered in connection with the evidence that it was a mere school-day incident, followed by friendly associations thereafter.

■ Defendant, claiming self-defense, and testifying that deceased was the aggressor in the fatal difficulty, further testified to threats on the part of deceased, and exhibitions of anger wherein deceased charged defendant with having informed the cops of some social connections of deceased, leading the cops to call up the sister-in-law of deceased on the subject. Defendant denied so informing the cops, but gave this line of testimony as disclosing a motive of deceased to become the aggressor in the fatal rencounter.

In rebuttal, the court permitted the State to introduce the sister-in-law with whom deceased was living, who testified, over the objection of defendant, that she had not been called up by the cops in any such connection. The evidence sufficiently indicated this was the sister-in-law the deceased claimed had been called up by the cops, according to defendant's version. The evidence was admissible as a circumstance tending to show deceased had no such grievance against defendant as defendant attributed to him.

We find no reversible error in the record. Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.