James Clinton BYRNE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15293.

Court of Criminal Appeals of Oklahoma.

March 3, 1971.

John D. Harris, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, James Clinton Byrne, hereinafter referred to as defendant, was convicted by jury verdict for the crime of Burglary in the Second Degree, After Former Conviction of a Felony in the District Court of Tulsa County, Case No. 23,-309. Judgment and sentence was imposed on November 8, 1968, sentencing the defendant to a term of 10 to 30 years imprisonment, and this appeal perfected therefrom.

Defendant first contends that the information was inadequate to inform the accused of the offense charged and sufficiently identify the offense so that upon conviction or acquittal defendant would be able to defend himself against any subsequent prosecution. It is a familiar rule of this Court that an information charging defendant with a crime is sufficient if it charges the offense substantially · in the language of the statute. Richards v. State,

15 Okl.Cr. 582, 179 P. 777 (1919). Furthermore, informations similar in language to the one at bar have been held sufficient in Searce v. State, Okl.Cr., 326 P.2d 1065 (1968), and Bradford v. State, Okl.Cr., 331 P.2d 485 (1958). Defendant did not detail in what manner the information is insufficient and upon review we find no inadequacy.

Defendant's next assignment of error is a misconduct of the prosecuting attorney in the voir dire examination of the prospective jurors in that he informed the jury as to the status of the law which is the sole province of the court. Upon carefully reviewing the record in this regard we do not find any improper "instruction" by the prosecuting attorney as to the law. In stating some of his questions during voir dire the prosecuting attorney did hit upon some "probable" conditions of the law upon which the court might later instruct. However, it will be noted that the court's instructions to the jury advised that his instructions "contain all the law" to be applied. It is a familiar rule that the burden is upon the defendant to show prejudice from alleged misconduct. Wilson v. State, Okl.Cr., 458 P.2d 315 (1969). It is error plus injury, and not error alone, which forms the basis for reversing a judgment. Phelps v. State, Okl.Cr., 404 P.2d 687 (1965). We are, therefore, of the opinion that there is no merit to defendant's contention as there is no showing of prejudice or injury resulting from the alleged misconduct of the prosecutor, and further that the jury was properly instructed in regard to the law.

Defendant further cites as error misconduct of the prosecutor in referring to the defendant during the trial by the name "Rocky." We are not persuaded that the use of this name was sufficiently improper and prejudicial to the rights of the defendant so as to constitute error. In Bland v. State, 42 Ala.App. 392, 166 So.2d 728, 729 (1964), it was held:

"The use by the solicitor of an alias or nickname in referring to the accused, if

not excessive or in bad faith has been held not to amount to prejudicial error." 166 So.2d at 734.

We do not find that the use of the nickname had the unavoidable effect as to prejudice the jury and inflame them. Commonwealth v. Giambrone, 183 Pa.Super. 283, 130 A.2d 254 (1957). Gant v. Raines, Okl.Cr., 377 P.2d 603 (1962). 23A C.J.S. Criminal Law § 1106.

■ Next defendant contends that the court erred in not sustaining the defendant's demurrer to the evidence in that the evidence was insufficient to support the conviction. It is quite true that evidence raising a mere suspicion is insufficient and without more, a demurrer to the evidence should be sustained. However a demurrer to the evidence in substance admits the facts the evidence tends to prove. Akers v. State, Okl.Cr., 323 P.2d 381 (1958). Where there is any competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence. Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534 (1950). We are of the opinion that the trial court properly overruled the defendant's demurrer as the evidence was sufficient to sustain a verdict of guilty.

■ Defendant next contends that it was error for the court not to protect and preserve a chalk board illustration used during the presentation of the state's case in chief. Defendant cites no authority for this proposition, nor did he indicate in what manner he was prejudiced by this event. Furthermore, there is nothing in the record to indicate that defendant was denied access to the chalk board illustration. This Court will not search for authority to support a mere assertion that the trial court has erred where it appears that a defendant has been deprived of no. fundamental rights. Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969). In this regard we find no fundamental error or prejudice to the defendant and reject this contention as being without merit.

■ A further assignment of error is the trial court's denial of defendant's motion for a new trial. The granting of a new trial on the grounds of newly discovered evidence, the ground cited by defendant, is a matter largely within the trial court's discretion. Walters v. State, Okl. Cr., 403 P.2d 267 (1965). Upon urging newly discovered evidence to be successful it must appear that if such evidence had been introduced a different result would have been reached. England v. State, Okl. Cr., 276 P.2d 270 (1954). Furthermore, it must be established that the alleged newly discovered evidence, if existing at the time of the trial, could not have been produced before trial by the exercise of due diligence. 22 O.S.1961, § 952. Mitts v. State, Okl.Cr., 345 P.2d 913 (1959). In view of these rules and after carefully reviewing the evidence offered by the defendant on his motion for a new trial, we conclude that the trial court did not commit error in overruling the defendant's motion for a new trial.

■ However, we do find the trial court committed error by instructing the jury as to prison "good time credits." This Court held in Williams v. State, Okl.Cr., 461 P.2d 997 (1969), that it was error to instruct the jury on time credits as provided in 57 O.S.Supp.1969, § 138; but that where such instruction is given in the second stage of a trial after a determination of guilt, it will require modification and not reversal. Upon conviction for burglary second degree, after former conviction of a felony the minimum punishment is 10 years. 21 O.S.1961, § 1436. 21 O.S.Supp.1970, § 51.

We are, therefore, of the opinion that the sentence should be modified to a term of 10 to 20 years imprisonment, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.