287 So.2d 919

**Joe Eddie WALKER**

v.

**STATE.**

**8 Div. 213.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

Rehearing Denied June 12, 1973.

Lanier, Shaver & Herring and John M. Heacock, Jr., Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

WALLACE GIBSON, Circuit Judge.

Appellant was convicted of murder in the second degree and his punishment fixed at ninety-nine years imprisonment in the penitentiary. Although the record is not clear as to whether counsel who represented appellant on trial was court appointed or not, court-appointed counsel on appeal is not the same attorney who represented appellant on trial and the brief of appellant indicates that trial counsel was also court appointed.

The judgment entry in the record as certified to this court was silent as to whether or not appellant was represented by counsel at the time the jury returned the verdict against him and at the time sentence was pronounced against him by the trial judge.

There were two writs of certiorari issued by this court on application of the

State of Alabama for correct copy of records of court below so as to show whether or not appellant was represented by counsel at time jury returned verdict and at time he was sentenced and for certification of a true and correct copy of records of Circuit Court of Madison County showing the corrected judgment entry in this cause in conformation with amendment *nunc pro tunc* ordered by the Circuit Court of Madison County, and a writ of certiorari issued on application of appellant directed to the Clerk of Madison County, Alabama, requiring him to forward to this court a certified copy of the judgment entry made by the Circuit Judge on February 16, 1971, concerning the sentencing of the appellant. Pursuant to the issuance of these writs by this court there were duly certified to this court the following:

1. Order of the trial judge amending original judgment entry *nunc pro tunc* reflecting that appellant was represented by counsel at the time the jury returned the verdict against him and at the time sentence was pronounced against him by the trial judge, as well as the affidavits of trial Assistant District Attorney and trial defense counsel on which such amendment was based, both of which affidavits affirmatively support the *nunc pro tunc* amendment.

2. Judgment entry as amended which reflects affirmatively that appellant was represented by counsel at each and every stage and during all of the proceedings against him and specifically at the time the jury returned the verdict against him and at the time sentence was pronounced against him by the trial judge.

3. Original judgment entry, dated February 16, 1971, which did not affirmatively state that appellant was represented by counsel at time jury returned verdict against him or at time sentence was pronounced against him by trial judge.

Subsequent to the certification of the above three instruments to this court, the appellant filed, in this court, a motion to strike the order of the trial judge amending the judgment entry *nunc pro tunc,* and the affidavits supporting that amendment, as well as the amended judgment entry. The grounds assigned by appellant in support of this motion mainly are directed to the legality of such *nunc pro tunc* proceedings in the premises and to the manner in which such proceedings were held with reference to Title 7, Section 566 and 567 of the Code of Alabama 1940.

■ Authority for *nunc pro tunc* proceedings to correct errors in a judgment entry upon issuance of a writ of certiorari, as was done in this case, is well recognized and has been approved by the appellate courts of this state. Franklin v. State, 29 Ala.App. 306, 197 So. 55, and cases cited therein. When return of such writ awarded by this court has been made, the latter record will be regarded as correct. Rogers v. State, 29 Ala.App. 153, 193 So. 871; Lewis v. State, 10 Ala.App. 31, 64 So. 537; and other cases cited in Franklin v. State, supra. The procedure followed to correct and complete the record in the instant case was proper and without error. If any procedural requirements were in any manner slighted they are without injury to any substantial right of the appellant and we so hold, under Supreme Court Rule 45.

This homicide occurred around 10:00 p. m. on Saturday night, September 5, 1970, at the home of Joe Eddie Walker, the appellant, and his wife, Lula Belle Walker, the victim. The Walkers, their children and another couple had been driving around the community visiting and at some undetermined time, but around eight or nine o'clock in the evening, they arrived at a bootlegger's house and began "bottling around." After they had drunk some beer, wine and whiskey, they proceeded to the Walkers' home, where the Walkers got out of their friends' car and in so doing Lula Belle and the other woman had some "fussing and cussing" between them and then the other couple departed. The Walkers, their children, and several boys ranging in ages from eleven to twenty, who had followed the Walkers home, were

in the Walkers' house. Joe Eddie Walker asked Lula Belle Walker to cook a chicken and this request led to an argument. Joe Eddie Walker got his shotgun and shells containing number 4 shot out of the bedroom and Lula Belle Walker got a bottle and an iron skillet out of the kitchen and the battle began.

The evidence is in considerable conflict as to whether the appellant shot the first shot which struck Lula Belle Walker in the arm, before she threw the skillet and its unknown contents at the appellant or after she had thrown the skillet or its unknown contents, if any, at the appellant; or whether Lula Belle was advancing on the appellant with both drawn back when he shot either the first or second time. There is testimony from which many conclusions may be reached, but the evidence clearly shows that with the second shot the appellant shot Lula Belle Walker in the lower left abdomen and that this shot was the cause of death. The evidence also makes a jury question of self defense.

■ Counsel for appellant on appeal filed objections in the trial court to the transcript of the evidence filed by the court reporter for that the closing arguments of counsel were not reported and requested an adequate substitute therefor. This objection and request was overruled and denied by the trial judge. This court has searched the record and finds that no request was made by the defense that the arguments be reported. The court reporter, in reporting a case is not required to report the arguments of counsel. Title 13, Section 262, Code of Alabama as recompiled 1958. Air Engineers, Inc. v. Reese 283 Ala. 355, 217 So.2d 66; Embrey v. State, 283 Ala. 110, 214 So.2d 567. In Bland v. State, 42 Ala.App. 392, 166 So.2d 728, this court said "The practice of the court reporter to transcribe only objections and exceptions to arguments in criminal cases in Alabama is followed in the trials of the rich as well as the poor unless a special request is made at the beginning." The Bland case was remanded by the U. S.

Fifth Circuit Court of Appeals but that ruling is not in point with the question argued here. The appellant makes no contention here that any objection was made to any portion of the arguments and the record shows no objection having been made. In Embrey, supra, this court said, "If counsel wishes to preserve for review any ruling of the trial court made during closing argument, he must object and point out to the Court that portion of the argument to which he objects and when that is done it is made a part of the record for appellate review."

■ There is no merit in appellant's contention that the trial court erred in sustaining state's objection to a question on cross examination propounded to police officer as to why the officer did not attempt to locate missing pieces of iron skillet found at scene of killing. Hardie v. State, 260 Ala. 75, 68 So.2d 35. Supreme Court Rule 45. McElroy—The Law of Evidence in Alabama, Volume 1, page 251. Pyles v. State, 262 Ala. 1, 78 So.2d 816.

■ The appellant argues that the court erred in admitting into evidence "State's Exhibit 1," which is a picture of the deceased lying on the floor at the scene with her skirt partly raised and which shows a part of her viscera protruding, in a raw state, from her abdomen. As stated by this court in the case of Snow v. State (Harris, J., 1973), 50 Ala.App. 381, 279 So.2d 552, "Such photographs are admissible as shedding light upon the character and location of the wounds on the body of the deceased though they constitute cumulative evidence upon a matter not disputed." This woman died as a result of a shotgun blast to her lower abdomen. This picture shows a wound and its results and the shot pattern and its spread have definite probative value on the question of the distance of the gun muzzle from the victim's body at the time the shot was fired. McKee v. State, 253 Ala. 235, 44 So.2d 781; McElroy on Evidence in Alabama, Volume 2, page 123. There was no error in the admission of this picture.

The appellant argues as error several portions of the court's oral charge to the jury as to the law. There were no exceptions to any portion of the court's charge as to the law. Where there is no objection or exception to the court's oral charge as to the law the trial court will not be reversed for the alleged error in that charge. Cox v. State, 280 Ala. 318, 193 So.2d 759; Pritchett v. State, 18 Ala.App. 628, 93 So. 341; Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401.

We have carefully searched the record for errors affecting the substantial rights of appellant and have found none.

The judgment below is hereby affirmed.

The foregoing opinion was prepared by WALLACE GIBSON, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

Affirmed.

All the Judges concur.