LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted under an indictment charging her with criminal conspiracy as defined by Code of Alabama 1975, § 13A-4-3(a), which provides:
“A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.”
The indictment alleged that appellant “did agree with Chris Sargent and Mack Winchester to commit the crime of Robbery in the First Degree, in violation of Section 13A-8-41” and further charged, inter alia, that “said Mack Winchester did, in the course of committing a theft ... used force against the person of Franklin D. Franks with intent to overcome his physical resistance or physical power of resistance ... *860 while the said Mack Winchester was armed with a deadly weapon, to-wit: a pistol.”
According to the undisputed evidence, the conduct constituting the basis for the alleged crime occurred on the night of December 15-16, 1980. According to the record, the indictment was returned on April 24, 1981, and on April 30, 1981, the appellant with her attorney appeared before the court and presented a written application alleging that at the time of the commission of the alleged crime she was a minor and praying that the court “investigate and determine” that defendant “be tried as a youthful offender.” The action of the court as to the application is reflected by the following judgment entry:
“On the 30th day of April, 1981, comes the State of Alabama by its District Attorney, Hon. John Jolly, also comes the defendant Frances A. Hollingsworth, alias Ann Hollingsworth, in her own proper person and in the presence of her attorney, Hon. Dave Beuoy, and after talking with the defendant, the defendant files a petition to be treated as a Youthful Offender. Hearing is set for May 21, 1981.
“On the 21st day of May, 1981, comes the State of Alabama by its District Attorney, Hon. John Jolly, also comes the defendant Frances A. Hollingsworth, alias Ann Hollingsworth, in her own proper person and in the presence of her attorney, Hon. Dave Beuoy, and it appearing to the court that on a former day of this court, the defendant, Frances A. Holl-ingsworth, alias Ann Hollingsworth, requested that she be considered under the Youthful Offender Act, and the cause was continued for investigation; and this day the defendant now in open Court with her attorney is hereby not accepted under the Youthful Offender Act, and her case is set for Tuesday, May 26, 1981.”
Although we find that the record is not as comprehensive and clear as it could well have been that the trial court “investigated and examined” the defendant “to determine whether .he [she] should be tried as a youthful offender,” it reasonably follows, we think, from what we have just stated, that such an investigation and examination was conducted by the court. Much has been said on the point, but we think the following suffices:
“. .. All that is required of the trial court, assuming the defendant consents, is such investigation and examination of the defendant as is sufficient to enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried, and if found guilty, sentenced in the normal criminal process.” Clemmons v. State, 294 Ala. 746, 749, 321 So.2d 238 (1975).
The record shows conclusively that the defendant appeared before the court both on the day that the application was filed and on the day the court announced its ruling on the application. Apparently no court reporter was called by either party to report any colloquy in open court. Unquestionably, the court had the opportunity to weigh the various factors that would ordinarily be considered in determining whether the relief prayed for should be granted, including the nature and relative seriousness of the crime charged, the criminal record, if any, of the defendant and the age and apparent intelligence of the defendant. Influential perhaps, but not conclusive, is the fact that, according to the application, at the time of the commission of .the alleged crime she lacked only one month and three weeks in reaching her majority. The trial court is not properly chargeable with reversible error in not granting appellant’s application for youthful offender treatment.
Chris Sargeant, one of the alleged conspirators, was. called as a witness for the State. During the early part of his testimony, the following occurred:
“Q. Tell the Jury now, what happened when you got in the bathroom.
“MR. BEUOY: We object at this point, we understand this gentleman’ has been indicted as a co-defendant in this case *861 and what we’ve got is uncorroborated testimony of a co-defendant. None of that.
“THE COURT: Overruled.
“MR. BEUOY: We accept [sic, probably ‘except,’ a possible mistake of the court reporter, a mistake found too often in transcripts]. Judge, does this gentleman’s attorney know he is testifying here today?
“(OFF THE RECORD DISCUSSION)
“Q. Go ahead and answer the question.
“A. Ann [defendant] came in and she said that we were going to rob Dee [the alleged victim].
“MR. BEUOY: We object to this again, this is the testimony of a co-conspirator and co-defendant, which is uncorroborated and we move to strike it and move for a mistrial.
“THE COURT: I’m going to overrule.
“MR. BEUOY: Is that a ruling on our mistrial motion, also?
“THE COURT: Yes.
“MR. BEUOY: We accept [sic] to all the rulings.”
Appellant cites Peoples v. State, 56 Ala.App. 290, 321 So.2d 257 (1975), in support of a contention that the admission of the testimony of an accomplice over an objection by defendant constitutes a violation of Code of Alabama 1975 § 12-21-222, which provides that a conviction of a felony cannot be obtained on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. Peoples v. State, supra, is not to be extended beyond what was held therein, which was that the denial by the trial court of defendant’s motion to exclude the evidence as a whole, interposed at the conclusion of the State’s case, constituted reversible error for the reason that the testimony of an accomplice had not been corroborated. Neither Peoples, supra, nor § 12-21-222, Code of Alabama 1975, states or implies that an accomplice should not be allowed to testify against defendant unless and until the corroborative evidence required has been introduced and admitted. Closer scrutiny is required of the following statement, relied upon by appellant, as found in Morton v. State, Ala.Cr.App., 338 So.2d 423, 425 (1975), cert. denied, 338 So.2d 428:
“. .. It is well settled that before a co-conspirator’s testimony may be admitted, there must be prima facie grounds for believing in the existence of the conspiracy. Collins v. State, 137 Ala. 50, 34 So. 403 (1903); Cox v. State, 240 Ala. 368, 199 So. 806 (1941); Langham v. State, 243 Ala. 564, 11 So.2d 131 (1943); DeBardeleben v. State, 16 Ala.App. 367, 77 So. 979, cert. denied, 201 Ala. 523, 78 So. 877 (1918). ...”
A careful examination of Morton v. State, supra, and the cases cited in the foregoing excerpt from Morton, discloses a probable deviation from the exact language and thought of the author of the opinion in the words “a co-conspirator’s testimony” instead of “testimony as to a co-conspirator’s statement.” As shown by the authorities cited in support of the quoted portion of the opinion in Morton, supra, the language thereof should be considered as thus suggested. The trial court was not in error in overruling defendant’s objection, motion to strike and motion for a mistrial as directed to the testimony of Chris Sargeant.
Appellant’s only other insistence on reversible error is that the court erroneously overruled defendant’s motion to suppress the written incriminatory extrajudicial statement signed by defendant several hours after she had been taken into custody. Two police officers and the defendant testified on the hearing of the motion. Investigator Robert Pace of the Russellville Police Department testified that the defendant was “advised of her constitutional rights” which were read to her “from a waiver form” which she executed and is an exhibit in the case, by which she acknowledged:
“I have read this statement of my rights and understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats *862 have been made to me and no pressure or coercion of any kind has been used against me.”
Officer Pace testified:
“Q. At that time, or before taking any statement from the defendant, did you make any promises of any kind to her to get her to make a statement to you?
“A. No sir, I did not.
“Q. Did you tell her it would be better for her, if she talked to you about the case or it might be worse if she did not talk to you?
“A. No sir, I did not.
“Q. Did you or anybody else in her hearing, offer any kind of inducement or reward of any kind in order to get her to make a statement?
“A. Not as I know of.”
In the argument as to the admissibility of the extrajudicial statement, appellant emphasizes the testimony of the defendant to the effect that she was “very drunk” when taken into police custody, that she had a hangover and that she “felt bad and was sleepy.” As to defendant’s apparent physical and mental condition soon after she was brought to jail, Officer Danny Price testified:
“Q. Did you see and observe her, oh that occasion, what her condition was?
“A. Yes sir.
“Q. I’m talking about when she got to the City Hall?
“A. Yes sir.
“Q. Was she conscious?
“A. Yes sir.
“Q. Was she intoxicated?
“A. She had been drinking, but intoxicated, I would say no.
“Q. Did you have a conversation with her?
“A. Yes sir.
“Q. Did she appear to understand what you said to her?
“A. Yes sir.”
As to the condition of defendant at the time she made and signed the extrajudicial incul-patory statement that was admitted in evidence, Officer Pace testified:
“Q. Can you describe the defendant’s condition to the Court, at the time of the interview?
“A. Yes sir.
“Q. Just tell the Court about that?
“A. Okay. She seemed to be alert. She had been drinking, but she wasn’t intoxicated. She seemed to know exactly what she was telling me.
“Q. She was conscious of everything?
“A. Yes sir.”
The court was not in error in admitting defendant’s statement in evidence.
There is no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
HARRIS, P. J., and TYSON, DeCARLO and BOWEN, JJ., concur.