## STARR *vs.* THE STATE.

1. The action of the primary courts on applications for continuances, is matter of discretion, and not revisable on error or appeal.
2. When application is made for a continuance on account of absent witnesses, the court, in the exercise of its discretion, may require the other party to admit the truth of the facts proposed to be proved by the absent witnesses, or, merely that those witnesses, if present, would swear to those facts ; but an admission that the absent witnesses would swear to those facts, is not an admission of their absolute truth.
3. Under an indictment for trading with a slave, it was shown that the defendant had bought some bricks from the slave, which the latter had stolen from his master ; and the master testified, on behalf of the State, that the bricks were his, and that he had examined them on the defendant's premises : *Held*, that the defendant's declarations (made while the witness was examining the bricks), " that the bricks were his, and that he got them from another person's brick-yard," were not admissible evidence for him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

THE appellant was indicted, at the Fall term, 1853, of the Circuit Court, for trading with a slave, the property of one Benjamin F. Randolph, without the consent of the master, owner or overseer. Before the trial was commenced, the defendant submitted an affidavit for a continuance, on account of absent witnesses ; " and the attorney general then stated to the court, that he would admit that the witnesses named in the affidavit would swear to the facts therein stated ; and upon this statement the court ruled the defendant to trial."

On the trial, the State proved that the slave named in the indictment was seen carrying bricks to the lot owned by the defendant, on which he resided, and that they were received by the defendant. Said Randolph, the owner of the slave, was then introduced on the part of the State, and he testified, " that he went to the defendant's lot, soon after the charge was made against him, to examine the brick, and there saw some brick which he examined, and which resembled the brick made at his brick-yard, and which he believed from their size were made at his brick-yard ; that he knew his

brick as well as his hat; that the defendant was present on the lot when he examined said brick. The counsel for the defendant then proposed to prove, by said Randolph, that the defendant, while witness was examining the brick, stated that the brick were his, and that he got them from Stewart & Wharton's brick-yard. To this evidence the attorney general objected, and the court excluded it; to which the defendant excepted."

After the State had closed its evidence, the defendant's counsel read in evidence to the jury a part of the affidavit made for a continuance, as to the facts to which his absent witnesses would depose; and asked the court to charge the jury, that the State having admitted that his absent witness would swear that the bricks were not Randolph's, but came from Stewart & Wharton's brick-yard, &c., "is an admission that those facts are absolutely true, and ought to be so regarded by the jury in finding their verdict; which charge the court refused to give, and the defendant excepted."

The errors assigned are: "1st, the refusal of the court to allow the defendant to prove his own declarations to Randolph, when the latter examined the bricks; 2nd, the refusal of the court to give the charge asked."

ELMORE & YANCEY, and N. HARRIS, for the appellant:

1. The court below had no right to put the defendant upon trial, on admission by the State that his absent witnesses would swear to the facts stated in the affidavit.—Dominges v. The State, 7 Sm. & Mar. 477; The People v. Vermilyea, 7 Cowen's R. 389.

2. The admission that the witnesses would swear to the facts stated in affidavit, held to be an admission that they were absolutely true.—7 Sm. & Mar. 477, *supra;* Goodman v. The State, 1 Meigs' R., 196; Wharton's Criminal Law 2nd ed.), 835. Even in civil cases, the adverse party is required, before he can force a trial when a witness is absent, "to admit what it is so alleged such absent witness will swear" (XVIth Rule of Practice, on page 715 of the Code); and if the rule in civil cases is such, the reasons why it should also obtain in criminal cases are much stronger.

3. The defendant's declarations to Randolph were admis-

sible evidence for him.—Nelson v. Iverson, 24 Ala. 10 ; Brazier & Co. v. Burt, 18 *ib.* 201 ; *ib.* 343; Perry v. Graham, *ib.* 822; Regina v. Abraham, 61 E. C. L. R. 550; 2 Car. & Kir. 550 ; 1 Green. Ev. §§ 108, 109 ; 2 Russell on Crimes, pp. 750 to 752 and notes.

P. T. SAYRE, for the Attorney General, *contra :*

1. The universal practice, in this State, has been, to force a party to trial on the admission that his absent witnesses would swear to a certain state of facts ; an admission of the absolute truth of those facts has never been required, for this would be giving greater force to the testimony of the witnesses than it would have if they were examined on the stand. This rule has prevailed in civil and criminal cases ; and, even if the construction was originally wrong, *communis error facit jus.*—Maher v. The State, 1 Porter 268 ; Powell v. The State, at the present term; P. & M. Bank v. Willis, 5 Ala. 779 ; 3 A. K. Marsh. 467.

2. The defendant's declarations to Randolph were properly excluded, because they were made after the alleged commission · of the crime.—State v. Scott, 1 Hawks 24 ; State v. Hildreth, 9 Ired. 440 ; State v. Scaggs, 8 S. & M. 722 ; State v. Wisdom, 8 Porter 511 ; State v. Campbell, 23 Ala. 79.

CHILTON, C. J.—1. We have uniformly held, that the granting or refusing of continuances is a matter resting in the sound discretion of the primary courts, and as such not revisable on error in this court. That the solicitor was put upon the admission of what the defendant's absent witnesses would swear, was for the defendant's benefit ; and he ought not to be heard to complain, that the court, in the exercise of a discretionary power, superadded a condition for his advantage, which it might have omitted altogether, without committing an error for which its judgment could have been reversed.

2. As to the effect of the admissions by the State, we think it was for the court, in the exercise of its discretion, to declare whether the admission should go to the facts proposed to be proved, or merely that the witness, if present, would swear to what the affidavit states he would. We will not

undertake to say, that there may not be cases, where the court should extend the admission so as to make it conclusive; but in most cases, it will subserve the purposes of justice, merely to require the admission that the witnesses, if present, would swear to what is stated, leaving the proof to depend upon the credit due to the witnesses, and subject to be rebutted. The admission in the present case was of this character, and not that the facts were absolutely true as stated in the affidavit. There was, therefore, no error in refusing the charge prayed for by the defendant in the court below.

3. As to the declarations of Starr, made when Randolph was examining the brick: We entertain no doubt that they were properly excluded. There was no question as to the fact whether he claimed the brick as his own or held in right of another. The question was, whether he had bought them from John, the slave of Randolph. If the accused could thus make evidence for himself, by declarations as to the manner in which he acquired the property, it would be difficult to determine where such proof should end. Besides, the declarations here proposed go much beyond any case we have seen predicated upon the doctrine of being portion of the *res gestæ*. They are not merely explanatory of the possession, but go on to show how the brick were acquired—that is, the defendant seeks to prove a *past* transaction by his declarations, thus deducing a title to the brick as having obtained them from Stewart & Wharton's brick-yard. What was the thing done, of which these declarations can be considered part? Randolph was examining the brick. It does not appear that he had made any charge against Starr, in reference to the brick, requiring a response lest silence should be construed into an admission of the charge or a circumstance adverse to him. Nothing of this kind is stated; but the declarations rest solely upon the ground that a party in possession of property may, by his declarations, show how he had acquired it. The rule has never been extended thus far. See Perry v. Graham, 18 Ala. 822, and the cases there cited.

There was no error in the several rulings of the court, and the judgment is affirmed.