(93 South. 46)

## MITCHELL v. STATE. (7 Div. 760.)*

(Court of Appeals of Alabama. April 18, 1922. Rehearing Denied May 9, 1922.)

1. **Criminal law ⬅⟶720(I)—Heinousness of offense and defense of alibi make freedom from unfair argument important; general atmosphere of the case.**

Both heinousness of the offense, seeming to demand a victim, creating the so-called "general atmosphere of the case," and the fact of the defense being alibi, usually requiring proof by friends and relatives, make it important that defendant have the benefit of testimony offered by him, unburdened by unfair comments of counsel in argument.

2. **Criminal law ⬅⟶1171(I)—Each case decided on its own merits as to prejudice from argument.**

Relative to prejudicial qualities of remarks of counsel in argument, each case must be decided on its own merits; much 'depending on the issues, the parties, and the general atmosphere of the case.

3. **Criminal law ⬅⟶720(I)—Wide latitude allowed counsel in comments on evidence.**

Wide latitude is allowed to comments on evidence in argument of counsel.

4. **Criminal law ⬅⟶600(I)—Showings for absent witnesses, being admitted, considered like other evidence.**

Showings for absent witnesses being admitted, statements therein are to be considered as any other evidence.

5. **Criminal law ⬅⟶717—Counsel may in argument state the law applicable.**

Counsel may, in argument, state the principles of law applicable to the case; the jury, however, being bound to take the law as charged by the court.

6. **Criminal law ⬅⟶720(I)—Remarks of counsel held legitimate argument.**

Remarks of state's counsel as to right of jury to observe demeanor of counsel and to disregard any testimony, and as to weight to be given showings of absent witnesses as against testimony of witness on the stand, held within the bounds of legitimate argument.

7. **Criminal law ⬅⟶476—Expert may testify to nature of instrument with which wound was made.**

Witness, qualifying as expert, and stating that he had examined the wound, may testify to its having been made with a blunt instrument.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

Lopez Mitchell was indicted and convicted on a charge of assault to murder, and from the judgment he appeals. Affirmed.

Riddle & Ellis, of Columbiana, for appellant.

The court erred in permitting the argument of the solicitor. The conversation between defendant and Savage, at or about the time he left home, as to the object and purpose of his leaving, was admissible. 159 Ala. 53, 48 South. 689; 90 Ala. 523, 8 South. 130; 6 Ala. 733; 7 Ala. 682; 115 Ala. 10, 22 South. 585.

Harwell G. Davis, Atty. Gen., for the State.

No brief of counsel reached the Reporter.

SAMFORD, J. [1] A part of the evidence introduced by the defendant was by showings for six absent witnesses. The testimony of these witnesses constituted a large part of the defendant's evidence tending to prove an alibi, which was his sole defense. The crime charged was of a most aggravating nature, calculated to impress the jury with the importance of a conviction, if the defendant was the guilty agent; and, while this fact should not unduly weigh in the deliberations of a jury considering a criminal case, it sometimes happens that the heinousness of an offense, too often, seems to demand a victim, which in practice if not in theory, shifts the burden of proving innocence to the defendant, and creates that "general atmosphere of the case," spoken of in Birmingham Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543, and Moulton v. State, 199 Ala. 411, 74 South. 454. The crime charged and proven was that of a cold-blooded attempted assassi-

---

nation, and, if death had resulted, would have warranted and justified a verdict inflicting the extreme penalty of the law, and the only defense was an alibi. This defense, when proven to the satisfaction of the jury, is perfect, entirely exonerating the defendant from any connection with the crime, but, by reason of its nature, usually must be proven by friends and relatives of the defendant, whose testimony must be weighed and considered in the light of their interest in the case, and that such defense, when confined to the testimony of a few members of defendant's family, is of easy simulation. Hence it is highly important that the defendant have the benefit of such testimony as he offers, without any unfair or illegal burdens placed upon it, either by remarks of the court or unfair comments by counsel in argument. In the instant case the special counsel assisting in the prosecution, in the course of his remarks to the jury, made use of the following remarks, to which proper exceptions were taken and motions made to exclude:

Mr. Haynes: "I said that the law said that the jury have the right to observe the demeanor of the witnesses on the stand; that they could not see how they testified, and that they were not obliged to believe it to be true; and that they could disregard it if they wanted to."

"The jury has the right to disregard any testimony."

"Here are the witnesses that come on the stand; you see them, look at them in their faces, and know whether or not they are telling the truth. I tell you, gentlemen of the jury, that you have got that right; but, if you can take flimsy stuff like that (referring to the showings offered in evidence of defendant's absent witnesses), and turn a culprit loose, then tear down your courthouse—"

"Resuming, I say it is flimsy."

"Do you believe that old man is telling a lie; he comes here and faces you on the stand; he is not like these witnesses there (referring to the showings)."

"It is not like that gang right there (referring to the showings)."

"And when he must rely on showings, and showings alone, that paper testimony—"

"I say that they are relying on paper testimony in the face of testimony delivered on the witness stand."

[2, 3] The case of Cross v. State, 68 Ala. 476, is the leading authority in this state on questions involving the argument of counsel to juries, and in view of the many cases recently coming to the appellate courts, wherein the arguments of counsel are made the basis of assignments of error, we are led to believe that the opinion in that case, in recent years, has not been given that careful study the importance of the subject deserves, and we here take occasion to commend it to the profession. Since the publication of the opinion in that case, the courts generally have contended themselves with passing upon each exception as presented,

adopting the rule, stated in Birmingham Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543, and reaffirmed in Moulton v. State, 199 Ala. 411–414, 74 South. 454. Each case of this character must be decided upon its own merits. There is no horizontal rule by which these qualities (the prejudicial qualities of improper remarks in argument to the jury) can be ascertained in all cases. Much will depend upon the issues, the parties, and the general atmosphere of the case. Following this latter rule in connection with the general power of appellate courts to supervise the rulings of trial courts when proper exceptions are reserved, to the end that parties may have fair and impartial trials, free from bias or prejudice, judgments have been reversed where an appeal had been made to race prejudice. Tannehill v. State, 159 Ala. 51, 48 South. 662; Moulton v. State, supra. Also where argument was made to arouse prejudice against a corporation. Birmingham Ry., L. & P. Co. v. Gonzalez, supra. But, where the exception was reserved to comments on the evidence, the courts have always allowed a wide latitude. Every fact the evidence tends to prove, inferences to be drawn therefrom, credibility of witnesses, as shown by their manner, the reasonableness of their statements, their intelligence, and knowledge of the facts about which they are giving testimony, and many other considerations that might be enumerated, all for the purpose of enlightening the jury and aiding them in arriving at a just and correct verdict, and will not reverse a judgment as being in violation of this rule, unless the statement objected to be of a fact, unsupported by any evidence pertinent to the issue, the natural tendency of which is to influence the finding of the jury. Cross v. State, supra; Bridgeforth v. State, 16 Ala. App. 584, 80 South. 158.

[4, 5] But there is another principle involved in this appeal. In the administration of justice, it sometimes becomes unfair to put a defendant on trial without giving him the benefit of the testimony of witnesses duly summoned by him, and whose presence the processes of the court have failed to produce. Where this is the case, it has long been the practice to permit the defendant to prepare a written showing as to what the absent witness would swear if he was present. This has always been considered a disadvantage to the party offering the showing, and to offset this the law is, if the opposite party admits the showing, the admission is that the witness, if present, would so testify, and that the statement is to be taken and considered as if the witness was present and so testifying. Starr v. State, 25 Ala. 49; Smith v. State, 142 Ala. 14, 39 South. 329. The showings being admitted in evidence, each fact testified to in the showing must be taken and considered by

the jury as any other evidence in the case, and not to be capriciously rejected by the jury, because it was a showing, and not testified to in person by the witness. If such were not the rule, all showings would lose their value as evidence, and might as well be eliminated from the trial of cases. Every part of the evidence is to be weighed and considered by the jury in making up its verdict, and no part of the evidence is to be disregarded. It is the duty of the court to state the law to the jury, and while counsel may state principles of law applicable to the case, and may argue such principles and quote from books in support of such argument, this is an argument before the court, and for the court, and until the court announces its decision the jury is without legal information as to what the law is; it being their sworn duty to take the law as is given them in charge by the court.

[6] The remarks objected to are within the bounds of legitimate argument as defined by the decisions. It will not do to exercise a severe censorship over the line of argument counsel may pursue, lest in suppressing one evil we incur a greater. Lide v. State, 133 Ala. 43, 31 South. 953. Besides, the court in its oral charge, and by written charges given at the request of defendant, clearly and emphatically stated the law governing the consideration of showings as evidence, and in such way as the jury could not misunderstand.

[7] Dr. Batson, having qualified as an expert, and having testified that he had examined the wound on the head of the injured party, could testify that the wound was made with a blunt instrument.

We also think the polling of the jury was sufficient.

The conversation between the defendant and one Savage was clearly illegal.

We find no error in the record, and the judgment is affirmed.

Affirmed.