12 So.2d 863

**COFFEY v. STATE.**

8 Div. 296.

Court of Appeals of Alabama.

March 16, 1943.

Rehearing Denied April 6, 1943.

Proctor & Snodgrass, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This is a companion case of Henry Lester Coffey v. State, now in the Supreme Court on appeal (8 Div. 193). See 244 Ala. 514, 14 So.2d 122.

John Coffey, this appellant, and his brother, the said Henry Lester Coffey, were tried at the same term of the Madison Circuit Court, in separate trials on separate indictments, for the murder of Dr. James E. Walker, of Huntsville. On their respective trials, both defendants were found guilty. The verdict against Henry Lester Coffey was for murder in the first degree, with punishment of death. In the case at bar, this appellant, John Coffey, was adjudged guilty of murder in the second degree, and his punishment fixed at twelve years' imprisonment in the penitentiary.

It was Henry Lester Coffey who killed Dr. Walker, by shooting him with a pistol. Only one shot was fired, and this in the absence of appellant.

The State claimed that John Coffey was also guilty on the assumption that he was a conspirator with or an accomplice of his brother in the homicide. We say assumption because, so far as the record discloses, such a conclusion, we think, must rest upon assumption, conjecture, or suspicion only.

■ We have carefully read the entire evidence, sitting en banc, and have studiously considered the whole case. In our view, there was an entire absence of substantial evidence to justify the verdict of guilt. We are strongly impressed, from a strict scrutiny of the record, that this appellant was merely a victim of circumstances, because perhaps, a brother of the doctor's assailant. The evidence is entirely unconvincing that John Coffey knew of his brother's intention or preparation to do the victim bodily harm—if such was the case—or that he was acting in preconcert with his brother or that he was in any way aiding or abetting him in the homicide, or was present for such purpose. Therefore, we do not think the conviction should be allowed to stand on the evidence adduced.

■ We realize our stern responsibility in this and every case when it becomes necessary to review the jury's findings upon the sufficiency of the evidence, meanwhile not unmindful of the favorable presumption attending the correctness of such findings.

Nevertheless, as observed in Anderson v. State, 30 Ala.App. 364, 6 So.2d 29: "On

the other hand, it is the sine qua non of constitutional government that the guilty, and guilty alone (after having been so shown to be by that measure of proof exacted by law), shall be punished for crime. This is the bulwark of our liberty under law."

The rule as to the measure of proof required to sustain a criminal prosecution is well understood. The evidence must be substantial to prove all elements of the charge. A scintilla will not suffice. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Taylor v. State, 30 Ala.App. 316, 5 So.2d 117.

■ As stated, the cause has been studied by each member of the court, en banc, with great care, and we feel safe in holding that there is an entire want of substantial evidence to sustain the conviction. The guilt of the defendant rests wholly on suspicion, surmise and conjecture. But facts which warrant only a suspicion of guilt, however strong, do not, and cannot, overcome the presumption of innocence which attends every defendant on trial. Tuggle v. State, 22 Ala.App. 89, 112 So. 540; Scott v. City of Troy, 24 Ala.App. 453, 136 So. 432; Chancellor v. State, 29 Ala.App. 613, 199 So. 749.

■ Here we think we are also bound to give emphasis and adherence to the rule, so oft quoted, that "where the preponderance of the evidence is against the verdict and so decided that the court is convinced that it is wrong and unjust, a new trial should be granted". Lamar Life Ins. Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760, 761.

So concluding, it is our duty to enter an order of a reversal of the judgment and remandment of the cause. Let the order be executed.

Reversed and remanded.