109 So.2d 141

Claude OWENS

v.

STATE.

3 Div. 24.

Court of Appeals·of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

Beddow, Gwin & Embry, Birmingham, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

CATES, Judge.

Owens having been convicted by a jury of manslaughter in the first degree, with his punishment fixed at three years' imprisonment, and thereunto having been properly adjudged and sentenced, has appealed.

The tendencies of the State's evidence were as follows:

On Saturday night, September 15, 1956, Mr. Owens, together with his son and a nephew, Vernon Anderson, were at Glass' Place in Lowndes County just across the line from Butler County on old Highway 31 below Ft. Deposit. Some antagonism developed between Anderson and three other customers of the establishment, Sam Cates, Joe Parsons, and the deceased, James B. Foster.

On one occasion the group went outdoors; according to some witnesses, various ones of them had drawn knives. The differences got patched up and the contending sides went back indoors. But another quarrel broke out and the proprietor asked Cates and Anderson to leave.

It was at this time that Owens was seen to shoot with a pistol into a group, of which Foster was one of the members. The testimony was that Foster was shot through the chest and put into an automobile which Cates was driving and taken in the direction of Greenville, the location of the nearest hospital. About five miles from Glass' Place, the car containing Foster was involved in a wreck in which Cates was fatally hurt.

The prosecution claimed that Foster was already dead when the wreck occurred, and the solicitor put Mr. Vann V. Pruitt, Jr., Assistant State Toxicologist, on the stand, who, after being qualified, testified as to performing an autopsy on Foster's corpse, and in the course thereof finding the hemorrhages from the bullet wound, together with a skull fracture caused by the automobile wreck. Pruitt considered that Foster was already dead when his head was fractured.

Owens adduced evidence tending to show that he shot only out of necessity to protect his nephew and himself from death or grievous bodily harm at the hands of Cates, Foster and Parsons, and that after one of the three cut Anderson with a knife he diverted their attention to him by pointing his pistol at them, so that Anderson managed to escape to Glass' home across the road. Then, according to some of the witnesses, the three advanced on Owens, who was heard to say, "Don't come at me with them knives," whereupon the report of the fatal shot was heard.

■ This conflict in the evidence including that as to the necessity for the shooting presented a jury question, and comes to us after a review thereof by the trial judge upon a motion for a new trial. No palpable error arises from a review of the record to justify our concluding that either of these tribunals (of law and of facts) has exceeded its assigned role.

■ The first four of the written charges refused the defendant were all in varying degrees of an affirmative nature and present no matter for our review. The fifth refused charge relating primarily to the defendant's right to act upon the reasonable appearance of things was, in our opinion, adequately covered by the oral charge of the court. Code 1940, T. 7, § 273.

■ The brief and argument of the appellant present, *first,* a contention that the court erred in permitting a special prosecuting attorney to enter the case after the jury had been selected and after the testi-

mony of two witnesses had been taken, citing Code 1940, T. 30, § 52, and § 6 of the Constitution, and Handley v. State, 214 Ala. 172, 106 So. 692 (also cited by the Attorney General), Leach v. State, 31 Ala. App. 390, 18 So.2d 285, Critchfield v. People, 91 Colo. 127, 13 P.2d 270, and Knights v. State, 58 Neb. 225, 78 N.W. 508.

The record shows that at the beginning of the second day of the trial Owens' counsel, in effect, moved for a mistrial—

"* * * we are going to interpose an objection to the Court proceeding in this trial if Mr. Poole does participate in the trial of the case. * * *"

This motion was later formalized into an express request for a mistrial and discharge of the jury.

The basis for this request was that the jury had been selected, impaneled and sworn on the day before without any reference to Hon. Calvin Poole appearing as a special prosecuting counsel to help the solicitor.

No request was made to re-examine the jurors nor did Owens ask the court to enquire of Mr. Poole as to any acquaintance or connection he might have with the members of the jury. In Harris v. State, 177 Ala. 17, 59 So. 205, there is dictum that a juror may be challenged for a cause originating after he is sworn.

We consider that this motion was properly overruled because any prejudice that might have inhered in this appearance such as might arise from kinship (but cf. Hayes v. State, 33 Ala.App. 364, 33 So.2d 744) or business or professional relations was waived, Daniels v. State, 88 Ala. 220, 7 So. 337 (dictum), and cases there cited; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300; Ball v. State, 252 Ala. 686, 42 So.2d 626; 50 C.J.S. Juries §§ 251, 254.

■ Alternatively, should waiver not apply where the jury is already impaneled and sworn, then the failure either to ask

the trial judge to put the jurors again on their voir dire or to show prejudice (as by affidavit) in support of a motion for new trial, precludes establishment of a ground for reversal, Henry v. State, 77 Ala. 75. See Annotation, 56 A.L.R.2d 971.

This manner of appearance is not *per se* prejudicial.

The other contention for error is predicated on the proposition that the verdict of the jury was contrary to the preponderance or great weight of the evidence. Upon a review of the entire record, we conclude the State made out a prima facie case and the elements of the offense were sufficiently established so as to preclude our reversing on this point. Also, the matter was before the trial judge on a motion for new trial; his denial of the motion puts sealing wax on the bottle stopper, Cobb v. Malone, 92 Ala. 630, 9 So. 738. Accordingly, the judgment below is due to be

Affirmed.