4

166 So.2d 735

**Ernest George BLAND**

**v.**

**STATE of Alabama.**

**6 Div. 107.**

Supreme Court of Alabama.

July 30, 1964.

Ernest George Bland, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., opposed.

LIVINGSTON, Chief Justice.

This is a petition for writ of certiorari to the Court of Appeals. The writ must be denied.

It was said in Liberty National Life Insurance Co. v. Stringfellow, 265 Ala. 561, 562, 92 So.2d 927, 928:

"In Davenport-Harris Funeral Home, Inc. v. Chandler, 264 Ala. 623, 88 So. 2d 878, 879, Mr. Justice Simpson writ-ing for the court, in holding the petition there filed insufficient because it did not point out any error in the opinion of the Court of Appeals, said:

" 'Manifestly, it is impossible for this court to review the opinion or to revise the judgment of the Court of Appeals with respect to any errors, if so, inasmuch as the petition does not point out any errors but merely requests this court to make a declaration with respect to the statuses listed above. The petition is insufficient to invite a review.

" 'Rule 39 of the Revised Rules of this court, Code 1940, Tit. 7 Appendix, provides that the application for writ of certiorari must be accompanied by a brief "pointing out and arguing the point or decision sought to be revised or corrected." Implicit in this provision is that the application for the writ must point out with sufficient clearness any error of law in the opinion of the Court of Appeals of which the petitioner complains.

" 'This necessarily must be so because in determining the propriety vel non of issuing the writ, we only pass on the grounds on which the certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270. See also Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 466, 187 So. 632, 123 A.L.R. 1337.'

"In view of the holding of this court in Davenport-Harris Funeral Home, Inc., v. Chandler, supra, we are constrained to deny the writ without giving consideration to any of the questions treated in the opinion of the Court of Appeals."

This holding has been followed in subsequent cases of Burton v. State, 267 Ala. 354, 101 So.2d 572; Nix v. State, 271 Ala. 628, 126 So.2d 123.

Actually, appellant's petition for certiorari, and the brief in support of it, is

nothing more than a copy of the brief submitted by the appellant for a reversal in the Court of Appeals, and is entirely inadequate to meet the requirements of Rule 39 of the Revised Rules of this court. Code 1940, Title 7, Appendix.

Writ denied.

LAWSON, GOODWYN and MERRILL, JJ., concur.