177 So.2d 826

Samuel STREETER

v.

STATE of Alabama.

6 Div. 192.

Supreme Court of Alabama.

Aug. 12, 1965.

Crampton Harris, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Appellant, Samuel Streeter, was indicted for murder in the first degree by a grand jury of Jefferson County. He was unable to employ counsel, so prior to arraignment the trial court, under the provisions of § 318, Title 15, Code 1940, appointed one of the most experienced members of the Jefferson County Bar to represent him.

Upon arraignment, Streeter pleaded not guilty and not guilty by reason of insanity. The court-appointed attorney was present at arraignment. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

The jury found Streeter guilty of murder in the second degree and fixed his punishment at imprisonment in the penitentiary of this state for a term of fifty years. He was so sentenced.

The attorney who represented Streeter in the trial court was appointed to represent him on this appeal. He has filed a brief on behalf of Streeter.

 Before the trial jury was selected, counsel for Streeter objected to the presence of a special prosecutor in the case. The objection was overruled. Under the uniform holdings of the appellate courts of this state, the objection was overruled without error. Handley v. State, 214 Ala. 172, 106 So. 692; Owens v. State, 40 Ala.App. 36, 109 So.2d 141, affirmed on certiorari, Owens v. State, 268 Ala. 506, 109 So.2d 144; Johnson v. State, 13 Ala.App. 140, 69 So. 396, cert. denied, 193 Ala. 682, 69 So. 1020.

We see no occasion to set out the evidence, as Streeter did not request the affirmative charge or file a motion for a new trial. It is sufficient to say that the State presented evidence of an eyewitness concerning the difficulty between Streeter and Williams which resulted in the latter's death from stab wounds.

Evidence for the State tended to show that Streeter was the aggressor and guilty of unlawful homicide. Evidence for Streeter tended to show that deceased was the aggressor and that Streeter struck in self-defense. A question for jury decision was thus presented.

Under his plea of not guilty by reason of insanity the burden was on Streeter to clearly prove to the reasonable satisfaction of the jury that he was so afflicted by disease of the brain when the offense was committed as to render him so insane that he did not know right from wrong with respect to the particular offense charged, or by reason of such mental disease he could not resist doing the wrong; and the crime must have been the product solely of such diseased mind. Aaron v. State, 271 Ala. 70, 122 So.2d 360, and cases cited. Streeter offered no testimony to meet the burden which was upon him to prove his plea of not guilty by reason of insanity. Mere temporary mania, not the result of a disease of the mind, does not constitute insanity. Grant v. State, 250 Ala. 164, 33 So.2d 466, and cases cited.

Consistent with our duty under the statute, we have searched the record for error and find none. § 389, Title 15, Code 1940.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.