**Ernest G. BLAND, Appellant,**

v.

**STATE OF ALABAMA, Appellee.**

**No. 22872.**

United States Court of Appeals Fifth Circuit.

Dec. 27, 1965.

Rehearing Denied Jan. 18, 1966.

Certiorari Denied March 21, 1966. See 86 S.Ct. 1203.

Maris, Circuit Judge, dissented.

John R. Matthews, Jr., Montgomery, Ala., for appellant.

Richmond M. Flowers, Atty. Gen. of Alabama, John C. Tyson, III, Asst. Atty. Gen., of Alabama, Montgomery, Ala., for appellee.

Before MARIS,* RIVES and BELL, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment, entered after an evidentiary hearing, which denied habeas corpus to a state prisoner. The appellant Bland was convicted of armed robbery in the Circuit Court of Jefferson County, Alabama. Upon his trial and on appeal he was represented by able court-appointed counsel at all stages, except upon motion for new trial when he represented himself without counsel. The district court found that he was not prejudiced in any way by not having counsel on his motion for new trial, and that he had made an intelligent and understanding waiver of counsel on

---

* Of the Third Circuit, sitting by designation.

that motion. Decision here turns on the correctness vel non of those factual holdings. For a thorough review, we find it necessary, at the risk of an overly-lengthy opinion, to make a full statement of the facts.

The manager of a Hill's Supermarket in Woodlawn, Birmingham, Alabama, was robbed at pistol point about 6:00 o'clock in the evening of November 22, 1960, two days before Thanksgiving. The robber took about $2,550.00.

On November 30, some eight days after the robbery, Bland was arrested in Houston, Texas. He was originally convicted on January 17, 1961 and was then sentenced to twenty-two years imprisonment. His appeal from that judgment of conviction was dismissed as having been filed too late. Bland v. State, 1961, 272 Ala. 215, 130 So.2d 385. The Supreme Court of Alabama dismissed his petition for leave to file a petition for writ of error coram nobis,[1] holding such leave not necessary where the State Supreme Court did not take jurisdiction of the original appeal from the judgment of conviction. Ex parte Bland, 1962, 273 Ala. 449, 142 So.2d 872. Upon a petition filed directly in the trial court, the writ of error coram nobis was granted and the judgment of conviction vacated.[2]

William B. McCollough, Jr., Esq., had been appointed by the trial court to represent Bland on his petition for writ of error coram nobis. Having successfully prosecuted that petition, Mr. McCollough was appointed by the court to represent Bland upon his second trial. At that trial Bland was again convicted and was then sentenced to twenty years imprisonment. Nonetheless, in his pro se pleadings in

the district court, Bland refers to Mr. McCollough as a "very able counsel."

The date of Bland's second judgment of conviction and twenty-year sentence was January 8, 1963. Mr. McCollough then gave notice of appeal, but withdrew such notice pending the filing of a motion for new trial. On January 18, 1963, Bland received a letter from Mr. McCollough stating that he had withdrawn from the case. On the same day on which he received Mr. McCollough's letter of withdrawal, Bland wrote to the trial judge as follows:

> "January 18, 1965
> County Jail
>
> "The Honorable Wallace Gibson
> 10th Circuit Court
> 2nd Division
> Jefferson County Courthouse
>
> "Dear Sir:
>
> "I would appreciate it if you would have me brought before the court, so that I might straighten out the matters concerning Motions for new trial and notice of appeal.
>
> "I have just been notified by Mr. Bill McCollough, Jr. that he is not my attorney as of this date, therefore no motions have been filed.
>
> "I would like to inform the court at this time, that as a pauper I am in need of the trial transcript in order to perfect my appeal to the Alabama Supreme Court.
>
> "Thanking you in advance, I remain,
>
> "Respectfully,
>
> "cc.Retained: E.G.B.
> "Ernest Geo. Bland
> "County Jail."

1. Coram nobis is the usual post-conviction remedy in Alabama, and has been developed by the State courts into an efficient and adequate review. See Wiman v. Argo, 5 Cir. 1962, 308 F.2d 674, 677.

2. The judge granted the writ largely because Bland had not had the opportunity

to present the testimony of certain alibi witnesses from Texas. While the court thought that ground by itself insufficient, it stated: " * * * in the exercise of its discretion in such cases to afford a fair trial, that under the totality of the circumstances, that the petition for writ of error coram nobis of the petitioner, Ernest G. Bland, should be granted."

Another letter and attached petition was received by the trial court on January 22, 1963, which read as follows:

"Received By Court on
                    January 22, 1963

"2nd Division

Jefferson County Courthouse.

"Re: Ernest Geo. Bland
            vs State of Alabama

"Dear Judge Gibson:

"I am writing you in regards to the present situation in regards to my case.

"As you know on January 8th 1963 my attorney Mr. Bill McCollough, Jr. gave notice of appeal at the time you were sentencing me, he then withdrew such notice, and I quote Mr. McCollough's words as follows: 'I withdraw notice of appeal pending the fileing (sic) of Motions

"Ernest George Bland
                    v.

"State of Alabama

for new trial' (end quote). That same day Mr. McCollough was taken to the hospital where he spent several days, then on January 18th 1963 I received a letter from Mr. McCollough stating he had withdrawn from the case.

"Therefore Judge Gibson I am asking that I be accorded the same rights as one who was financialy (sic) able to pay all the legal fees. As you can see the papers attached hereto lack a notary seal, due to the fact none is available to me, therefore I am asking that I be brought before you so that such a seal can be affixed thereto.

"Thanking you in advance, I remain.

                    "Respectfully,

"cc. Retained /E.G.B.
                    "Ernest Geo. Bland"

In the 10th Judicial

Circuit Court, 2nd Div. Jefferson County, Alabama.

                    No. . . . . . . . .

"FILED IN OFFICE
JAN 22 1963
JULIAN SWIFT
Clerk.
"Petition For Trial Transcript

"Comes now Ernest George Bland and petitions this Honorable Court for a copy of the trial transcript under Article 62, Special Sessions and cites Griffin v. Illinois, U.S. 76, S.Ct. 585, 351 U.S. 12, as authority for such and would most respectfully show the court the following:

"That on January 8th 1963 Petitioner was adjudged guilty by a jury and punishment assessed at twenty years (20) in the State Penitentiary for the offense of robbery as charged in the indictment in the cause of Ernest George Bland vs State of Alabama Cause No. . . . . . . . . . Petitioner further states that he wishes to appeal said conviction as guarnteed (sic) by the statutes and Constitution of the State of Alabama as well as the Constitution of the United States and in order to perfect said appeal properly Petitioner is in need of said transcript.

"Petitioner further states he is innocent of the alledged (sic) charge of robbery.

                    "Respectfully submitted,
                    —"Ernest G. Bland    "

On the same day, Bland, *pro se*, filed a motion for new trial, one of the grounds of which read: "(C) The trial court erred in allowing the Solicitor to refer to defendant as a person who had previously been in trouble with the police."

On February 15 the trial court heard the defendant Bland, *pro se*, on his motion for new trial, taking up each ground of the motion seriatim. As to Ground (C), the following occurred:

"THE COURT: 'C': The trial court erred in allowing the Solicitor to refer to defendant as a person who had previously been in trouble with the police.

"What does that have reference to?

"THE DEFENDANT: I believe Mr. Hawkins stated to the jury that the large cities kept a file on professional robbers and thieves, or some such like that, and in that statement he was inferring that I was picked out from that file.

"THE COURT: I recall the argument. I recall an objection. I did not, frankly, construe it to be what you construe it as, when taken into consideration with the entire argument that was made by Mr. Hawkins."

At the conclusion of the hearing the court overruled Bland's motion for new trial, accepted his oral notice of appeal and granted his request for a transcript of the testimony without cost. On March 27, Bland moved the court "for the appointment of counsel to perfect and aid in his appeal of the case," and filed a like motion on April 17. The Court of Appeals of Alabama requested the trial court to appoint a lawyer to handle the case on appeal, and on April 23 the trial court appointed Mr. McCollough for that purpose. The judgment of conviction was affirmed on May 12, 1964 and rehearing denied on June 9, 1964, Bland v. State, 1964, 42 Ala.App. 392, 166 So.2d 728. On June 3, 1964, Mr. McCollough wrote to Bland as follows:

"As you know, I was appointed by the Court of Appeals to represent you in that court only. My decision is that I cannot use this office in the writing of another brief and the arguing of your case again in the Supreme Court if certiorari is granted without fee. I not only owe it to my partner but owe it to my clients and myself to make this decision."

Bland filed, *pro se*, a petition for certiorari to the Supreme Court of Alabama, which petition was dismissed. Bland v. State, 1964, 277 Ala. 4, 166 So.2d 735. Bland then petitioned the Court of Appeals of Alabama for leave to file a petition for writ of error coram nobis. On January 26, 1965, that petition was stricken by the Alabama Court of Appeals.

On February 24, 1965, the district court granted Bland leave to file his petition for habeas corpus in forma pauperis, and ordered the respondent to show cause why the writ should not issue. Later the district court appointed John R. Matthews, Jr., Esq., as counsel to represent Bland, and set the cause for hearing.[3] Upon hearing in the district court, the case was submitted upon the pleadings, the transcript filed in the Court of Appeals of Alabama, and upon a stipulation entered into by the Attorney General of Alabama with Mr. Matthews as attorney for Bland, as follows:

"1. Ernest G. Bland, herein called Bland, was an indigent defendant who had no funds at the time he was tried and convicted in the Circuit Court of Jefferson County, Alabama, in January, 1963.

"2. Title 13, Section 261, Code of Alabama, 1940, does not require the transcription of oral arguments. In the Circuit Court of Jefferson County, Alabama, oral arguments are not transcribed unless arrangements are made with the court

---

3. Mr. Matthews, with commendable zeal and skill, has continued his representation of Bland throughout the present appeal.

reporter or requested of the trial judge in advance of such arguments.

"3. Bland was represented in said trial by Bill McCollough, Jr., a court-appointed attorney. Mr. McCollough, if called to testify, would testify that he did not request the recordation of oral arguments because Bland had no money to pay the court reporter for doing so, and that he understood the practice of the court reporters in the Circuit Court of Jefferson County, Alabama, to be that they would not record oral arguments unless arrangements were made in advance for their payment. Neither he nor Bland requested that the trial judge or the court reporter have the oral argument transcribed at any stage during the trial of the case. The trial judge, if called to testify, would testify that if request had been made, he would have required the court reporter to record and transcribe oral argument even in the absence of ageement to pay for same. The oral arguments were not transcribed by the reporter. The trial judge would further testify that neither Bland nor his attorney made known to the court that oral arguments were not being transcribed during the course of oral argument or at any other time during the trial proceedings.

"4. The trial judge, if called to testify, would state that he had originally appointed Mr. McCollough to represent Bland on the coram nobis proceeding wherein Bland's original conviction of twenty-two years was set aside; that he then reappointed Mr. McCollough to represent Bland for the trial of the case only, and that Mr. McCollough was present for arraignment and throughout the original trial proceedings. The trial judge would further testify that he did not reappoint Mr. McCollough or another attorney to represent Bland for the purpose of filing and presenting the motion for new trial and that Bland had not made a request for counsel at this stage of the proceedings. He would further testify that Bland had no counsel in the filing and arguing of his motion for new trial, and that Bland did not raise any

point that oral arguments had not been recorded by the reporter at the time he argued and presented his motion for new trial.

"5. Bland, if called to testify, would state that he requested of the trial court by letter that the court appoint an attorney to represent him on his motion for new trial, but that the trial court apparently misunderstood his request and did not appoint an attorney to represent him. (See Tr. pp. 163–164.) The trial judge would testify that he received a letter from Bland but that the letter did not request the appointment of an attorney, but dealt with notice of appeal, and request for a transcript, and that no request, either oral or written, by letter or motion, was made of him for an attorney to represent Bland in connection with the motion for new trial, dated January 22, 1963, and that he would have appointed Mr. McCollough to represent Bland had such a request been made of him. Letters beginning January 18, 1963, motions and notes are herewith attached. The trial judge would further testify that because Bland was an indigent and had filed his own motion for new trial, he required the court reporter to take down the proceedings at the motion for new trial and did allow Bland every opportunity to explain and argue each point that he desired to raise. The trial judge would further testify that Bland made no request of the trial court or the court reporter during the argument on motion for new trial that the oral argument be transcribed. The solicitor, the trial judge, and Mr. McCollough would also testify that they have examined the court file and found no letter or motion requesting the appointment of counsel to assist Bland with his motion for new trial.

"6. Bland would testify that at the time he argued his motion for new trial, the testimony had not been transcribed and that he did not realize that the oral arguments had not been recorded. Bland would further testify that if he had realized such facts, that he, as an indigent with limited education and no legal train-

ing or experience, would not have known what to do to perfect his record so that the objections to oral argument could have been adequately presented on appeal.

"7. Mr. McCollough would testify that in his opinion the solicitor's argument which he objected to was extremely and highly objectionable and prejudicial. The trial judge and the circuit solicitor would testify that, in their opinion, the oral argument was not objectionable or prejudicial and would further testify that such argument was misconstrued by Bland and taken out of context. (See discussion between the Court and Bland on Motion for New Trial, Tr. p. 166.) The argument of the circuit solicitor and the objections made by Mr. McCollough were not included in the transcript except as above referred to.

"8. All parties, including Bland, would testify that Mr. McCollough did an excellent job in representing Bland in the trial of the case, and on appeal before the Court of Appeals. On appeal, Mr. McCollough successfully moved to have the appeal bond reduced, filed an eighty-three page legal-size brief and personally appeared and argued the appeal before the Court of Appeals. Bland filed his own motion for certiorari in the Supreme Court of Alabama and had no legal counsel at this stage of the proceedings.

"It is further stipulated that Bland has exhausted his State remedies as to all issues here presented except that he did not present the question of his not having counsel for filing the application for certiorari in the Supreme Court of Alabama, nor did he request the Supreme Court to appoint counsel at this stage."

The district court denied Bland's petition for habeas corpus on July 1, 1965, in an order which considered two questions:

"(1) Whether the failure on the part of the trial court, in the absence of any request by Bland or his counsel, to have the concluding arguments recorded and transcribed vio-

lated his constitutional rights within the meaning of Draper v. Washington, 372 U.S. 487 [83 S.Ct. 774, 9 L.Ed.2d 899] ; and

"(2) Whether the failure of the trial court to provide counsel for Bland's application for a new trial (this issue includes whether there was an intelligent and understanding waiver of counsel on Bland's part) deprived Bland of his constitutional rights."

As to the first question, the district court found that:

" * * * there was an intelligent and effective waiver by Bland and his counsel of Bland's right to have the oral arguments recorded and transcribed. The burden should not and cannot be placed upon the trial judge to take the initiative and call such matters to the attention of competent counsel for defendants. Furthermore, this Court finds from the record and the pleadings in this case that the record was of sufficient completeness within the meaning of Draper v. Washington, supra, so that there was no prejudice to Bland by reason of the failure to record and transcribe the oral arguments."

As to the second question, the district court stated:

"In connection with the second point, after Bland's trial and sentence Attorney McCollough's appointment by the circuit court expired. There was no counsel appointed for the purpose of filing and presenting a motion for a new trial to the trial court. This Court specifically finds that no request for such assistance was made by Bland of the trial court; to the contrary, the correspondence between Bland and the trial court, and the proceedings which have been transcribed and presented to this Court in connection with Bland's motion for a new trial, reflect that Bland was in-

tentially representing himself in connection with his post-conviction proceedings. Bland continued to represent himself until his case was pending in the Court of Appeals for the State of Alabama, during which time he requested the Court of Appeals to appoint counsel for him, and, again, Attorney McCollough was designated to act as Bland's counsel. In this connection, this Court finds that there was an intelligent and undering waiver of counsel on Bland's part insofar as the proceedings subsequent to his conviction were concerned and up until the Court of Appeals appointed counsel. The principles of Carnley v. Cochran, 369 U.S. 506 [82 S.Ct. 884, 8 L.Ed. 2d 70], are not applicable in this case since there was an intelligent waiver of counsel on Bland's part. Furthermore, the records upon this submission reflect that Bland was not prejudiced in any way by not having counsel in connection with his motion for a new trial."

■ On appeal it is conceded there was no reversible error in the district court's ruling on what it called the "first point." [4] The contentions in this Court center around the district court's decision of the "second point." [5] Contrary to the decision of the district court, we are forced to conclude that the undisputed evidence fails to establish any intelligent and understanding waiver of counsel by Bland on his motion for new trial, and that there is no such showing of lack of prejudice as would bar him from relief.[6]

Prior to the filing of his motion for new trial, Bland's letters to the State trial judge had informed him that he had no lawyer and had asked "that I be accorded the same rights as one who was financialy (sic) able to pay all the legal fees." (Supra, p. 10.) He did not more specifically request the appointment of counsel to represent him on the motion for new trial. When he appeared *pro se* on that motion, the trial judge knew that Bland was urging error in allowing the prosecuting attorney to refer to him as a person who had previously been in trouble with the police. The trial judge recalled the argument and an objection thereto, but ruled against Bland because he construed the argument differently when taken into consideration with the entire argument. The trial judge also knew that, by virtue of law and custom in his court, final argument had not been recorded, and that, in the then status of the record, Bland could have no adequate review of his ruling. There is no showing that Bland also had that knowledge. The inevitable result followed in the decision of the Court of Appeals of Alabama:

"* * * Without benefit of the entire argument, we must judge its import as set out in the motion for a new trial. The trial judge, in overruling the motion for new trial, held the following:

'I recall the argument. I recall an objection. I did not, frankly, construe it to be what you construe it as, when taken into consideration with the entire argument that was made by Mr. Hawkins.'

4. "Since Title 13, Sec. 262, Code of Alabama 1940, specifically exempts the court reporter from recording 'argument of counsel,' we do not contend that it was incumbent upon the trial judge to order the court reporter to transcribe the argument unless his attorney requested it." Appellant's brief, p. 9.

5. There is an additional insistence on the failure to appoint counsel to assist Bland in the filing of his petition for certiorari

to the Supreme Court of Alabama. That insistence cannot be considered because, as shown in the concluding part of the stipulation in the district court, Bland has not exhausted his state remedies as to that issue. See 28 U.S.C.A. § 2254.

6. The State court of appeals had noted that, "There is no showing in the record that appellant requested or was denied counsel to assist in his motion for new trial." 166 So.2d 732.

"The prejudicial qualities of improper remarks of a solicitor must be gauged in each case separately, with much depending on the issues, the parties and the general atmosphere of the case. Anderson v. State, 209 Ala. 36, 95 So. 171; Mitchell v. State, 18 Ala.App. 471, 93 So. 46, cert. den., Ex parte Mitchell, 208 Ala. 699, 93 So. 923; Hawkins v. State, 29 Ala.App. 221, 195 So. 762, cert. den. 239 Ala. 532, 195 So. 765. We think that the trial judge had the better opportunity to judge the prejudicial effect of the above statement, in the context in which it was made, and agree that it could be made without creating an inference so prejudicial as to require a reversal."

Bland v. State, 1964, 42 Ala.App. 392, 166 So.2d at 732.

■ Since the argument would not appear in the court reporter's transcript, the only way that it could be included in the record for review was by affidavit or other supplemental evidence on the motion for new trial.[7] Bills of exceptions in the trial of cases at law in the state circuit court having a full-time court reporter have been expressly "abolished."[8]

Thus, without the aid of counsel on his motion for new trial, Bland was precluded from an adequate appellate review. Under the Constitution, he was entitled to as adequate appellate review as a defendant who had money.[9]

A reading of the evidence in Bland's trial for robbery discloses that there was ample evidence, if believed by the jury, to sustain the judgment of conviction. Skillful counsel succeeded in casting some doubt upon the accuracy of his identification and in showing the possibility that another suspect may have assumed Bland's identity. The sufficiency of the evidence to sustain conviction is usually raised on motion for new trial, and cannot be raised on appeal unless a ruling of the trial court has been invoked.[10]

It is highly improbable that counsel could have persuaded either the trial court or the appellate court that the evidence did not sustain the verdict of guilt. It is not nearly so certain that an adequate appellate review might not have resulted in a reversal and new trial because of the alleged improper argument of the prosecuting attorney. Of course, in the absence of a record or of affidavits showing the argument, it cannot be known that a reversal would have resulted.

In the status of this case, however, the motion for new trial and the hearing thereof were certainly as critical stages of the proceeding as was the arraignment in Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114. Here, as in that case, the degree of the prejudice can never be known.

Armed robbery is a capital offense in Alabama.[11] As said in Hamilton v. State of Alabama, supra, 368 U.S. at 54–55, 82 S.Ct. at 159:

"In Powell v. State of Alabama, 287 U.S. 45, 69 [53 S.Ct. 55, 77 L.Ed. 158], the Court said that an accused

7. See Rules of Practice of Circuit and Inferior Courts 22, Vol. 3, Code of Alabama, Recompiled 1958, p. 1194; New York Life Ins. Co. v. Turner, 1923, 210 Ala. 197, 97 So. 687, 688; McLemore v. International Union et al., 1956, 264 Ala. 538, 88 So.2d 170, 172.

8. Code of Alabama 1940, Title 7, § 827(1).

9. Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Douglas v. State of California, 1963, 372 U.S. 353, 83 S.Ct. 814 9 L.

Ed.2d 811; Draper v. State of Washington, 1963, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899.

10. Taylor v. Alabama, 1941, 30 Ala.App. 316, 5 So.2d 117; Coffey v. State, 1943, 31 Ala.App. 120, 12 So.2d 863; Lassiter v. State, 1955, 38 Ala.App. 287, 83 So.2d 365; Colvin v. State, 1957, 39 Ala. App. 355, 102 So.2d 911; Owens v. State, 1958, 40 Ala.App. 36, 109 So.2d 141.

11. Code of Alabama 1940, Title 14, § 15.

in a capital case 'requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' The guiding hand of counsel is needed at the trial 'lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law of the State exacts for the offense which they in fact and in law committed.' Tomkins v. State of Missouri, 323 U.S. 485, 489 [65 S.Ct. 370, 89 L.Ed. 407]."

It is true that Bland did not more specifically request counsel on his motion for new trial than is indicated by his letter. However, the trial court knew that he did not then have counsel, and was charged with knowledge of the importance of counsel at that stage of the proceeding. Under those circumstances, the rule stated in Carnley v. Cochran, 1962, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, applies with full force:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

The federal courts have seized upon the general words of the statute regulating proceedings in habeas corpus that, "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require" [12] to hold that they need not limit relief to cases where an immediate discharge of the petitioner is required, but should tailor the relief according to the requirements of law and justice in the particular case.[13] Under the holdings in those cases, the appropriate relief here, if available, would be to afford as adequate review of Bland's judgment of conviction as if he had been represented by counsel on his motion for new trial. It may be that, because of the passage of time and the absence of a stenographic transcript of the arguments, the arguments cannot now be sufficiently reproduced by evidence or affidavits, and that Bland must be accorded a third trial.

On the other hand, it may be that the Alabama state courts can, by use of coram nobis, or some other extraordinary writ, sufficiently reconstruct the arguments and afford Bland an appellate review as adequate as if he had been represented by counsel on his motion for new trial. Whether a new trial is necessary had best be left in the first instance to the State.

The district court should enter such orders as are appropriate to allow the State a reasonable time in which either to re-try Bland, or to afford him as adequate review of his judgment of conviction as if he had been represented by counsel on his motion for new trial.

Reversed and remanded.

MARIS, Circuit Judge (dissenting).

I regret that I am not able to concur with the opinion and judgment of the court. However, I think that the district court was justified in finding as it did that Bland was intentionally representing himself in connection with the post conviction proceedings following his second trial and that there was an intelligent and understanding waiver of counsel on his part insofar as those proceedings were concerned.

I take into account the fact that counsel had been appointed for Bland in con-

---

12. Now the concluding sentence in 28 U.S.C.A. § 2243.

13. Mahler v. Eby, 1924, 264 U.S. 32, 45, 46, 44 S.Ct. 283, 68 L.Ed. 549; Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 210, 71 S.Ct. 262, 95 L.Ed. 215; Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, 777; Compare Lyles v. United States, 5 Cir. 1965, 346 F.2d 789, 792.

nection with the prosecution of his petition for a writ of error coram nobis following his first conviction and that counsel had likewise been appointed to defend him at his second trial. It is inconceivable to me, in light of this recent experience of his, that he did not know that he had a right, upon request to the court, to the appointment of counsel in these post trial proceedings. Nonetheless, in his letters to the State trial judge following his conviction which are quoted in the opinion of the court he made no request for the appointment of counsel although he expressly reported to the court the withdrawal of his previously court appointed counsel and although he asked for other assistance, including a pre-trial transcript, exemption from the payment of legal fees, and the affixing of a Notary's seal to his papers. I cannot read his asking for "the same rights as one who was financially able to pay all the legal fees" as such a request.

On this record I agree with the district court that Bland cannot now be heard to assert that he was denied the appointment of counsel. A defendant accused of crime must be afforded every constitutional right. However, the indefinite prolongation of the proceedings is not one of those rights. There comes a time when the proceedings against a defendant accused of crime must terminate. In the case of Bland I think that time is now.

I would affirm the denial of the writ of habeas corpus by the district court.

## ON PETITION FOR REHEARING

### PER CURIAM:

The petition for rehearing filed by the appellee in this cause is hereby denied.

The motion of the appellee to stay the issuance of the mandate is granted and the mandate will be stayed for a period of thirty (30) days from this date in order to afford the appellee an opportunity to apply for certiorari to the Supreme Court of the United States.