321 So.2d 706

**Cecil Green SELLERS, Jr.**

v.

**STATE.**

**6 Div. 708.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

Rehearing Denied April 22, 1975.

E. Calhoun Wilson, Tuscaloosa, for appellant.

**368**

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder in the second degree: sentence, twenty years imprisonment.

We have carefully reviewed the entire record under the strictures of Code 1940, T. 15, § 389 and consider that there is only one arguable question presented on this appeal.

The appellant employed the firm of Chestnut, Sanders, Sanders and Forte, holding themselves out as attorneys of Eutaw. The contract of employment in nowise singled out any one member of the firm with whom the appellant was in the attorney-client relationship. Accordingly, he had employed all the partners in his service. In 7 C.J.S., Attorney and Client, § 65 we find:

"A retainer of one member of a firm of attorneys is a retainer of the firm, in the absence of an agreement to the contrary. Any member may attend to the business intrusted to a firm of attorneys, for the act of each is the act of all, and such a general contract does not give the client the right to demand that any particular member of the firm shall render the services or conduct the litigation. * * *"

After the jury had been qualified, sworn and empaneled and three witnesses had testified on behalf of the prosecution, the senior member of the firm, Honorable J. L. Chesnut, appeared in the courtroom (the jury having withdrawn). The trial judge told him that as he had not been present at the qualification of the jury, the court was exercising his discretion not to allow him to participate, other than to sit at the counsel table with his partner, Mr. Booker T. Forte and advise the junior.

In this instance we believe that the trial judge did not abuse his discretion.

General Rules 1 and 2 (Code 1940, T. 7, Appendix, p. 1001) read:

"(1) The clerk of every court of record in this state shall keep in his office a book to be called the 'book of appearances.' Any attorney or solicitor, desiring to appear in any civil cause, shall make in said book, or cause to be made therein by the clerk, an entry of his name, stating the cause in which he appears, and, if there be several of the same name, its number, or other mark of identity, the party of person for whom he appears, and the date of such entry. Such entry shall be considered an appearance of record. The counsel whose name shall be so first entered shall be considered the leading counsel in the cause, for the party or person for whom he so appears, until he abandons the cause, and then the counsel whose appearance shall be next in date, and so on. Such notices, etc., as are authorized to be served on the attorney of a party, shall be served on his leading counsel.

"(2) No one shall be permitted to appear in a cause as counsel or attorney, unless he has been employed therein, and his appearance has been entered as

aforesaid, or unless he represents other counsel whose appearance has been so entered, or may have the special leave of the court."

In *Owens v. State,* 40 Ala.App. 36, 109 So.2d 141, the former Court of Appeals held that the tardy entry of a special prosecutor in a homicide case did not justify the granting of a mistrial. There, various procedural motions were absent and the Court of Appeals construed the lack of a request for qualifying the jury nunc pro tunc constituted a waiver.

In *Davis v. State,* 292 Ala. 210, 291 So. 2d 346, our Supreme Court held that there was an abridgment of the constitutional right of representation. In *Davis* it appears that the Honorable Lou Walden had associated junior counsel, but there was nothing to show that junior counsel was a partner of Mr. Walden. Accordingly, we distinguish that case from the one of instant concern.

Furthermore, the instant record is bare of any prior request by Mr. Forte that the case be delayed for the appearance of Mr. Chestnut. Moreover, Mr. Forte evidently failed to qualify the jury as to any acquaintanceship with the other members of the firm except for himself. This part of the record, of course, has been omitted under the extant rules of the Supreme Court. No point has been made on this appeal that Mr. Forte was precluded from qualifying the jury in the normal manner under the direction of the trial judge as contemplated by statute. As stated by the Supreme Court of Mississippi, in *Clifton v. Clark, Hood & Co.,* 83 Miss. 446, 36 So. 251:

" * * * This contract entitled the clients to the services of the firm, but was not a contract for the individual services of any name member of the firm. Either partner may attend to business intrusted to a firm of attorneys, for the act of each is the act of all, and such a general contract does not give the client the right to demand that any particu-

lar member of the firm shall render the services or conduct the litigation. * * *"

Accordingly, we distinguish the instant case from that under the facts of *Davis,* supra, and consider that the judgment below is due to be

Affirmed.

All the Judges concur.