BOWEN, Presiding Judge,
concurring.
I am in complete agreement with the opinion written by the highly esteemed Judge Harris. I would only add that even if the issue of the sufficiency of the evidence had been preserved for review, that issue was properly submitted to the jury. The State made out a prima facie case of attempted murder. Even though Murry shot Burks in the back while the officer was unarmed, Murry claimed that he was acting in self-defense. Murry’s own testimony indicates that he shot Burks while the officer was running away from him. Even if the jury believed Murry’s story that the two police officers did not identify themselves, the jury could still have found that Murry had a duty to retreat which he never exercised and for that reason his claim of self-defense must fail. Whether' or not Murry was justified in shooting Officer Burks was for the jury to determine under the evidence in this case. Harris v. State, 347 So.2d 1363 (Ala.Cr.App.), cert. denied, 347 So.2d 1368 (Ala.1977). Whether Murry was in imminent danger at the time he fired was solely for the jury to decide. Lowery v. State, 103 Ala. 50, 15 So. 641 (1893). Murry’s credibility was for the jury. Kemp v. State, 278 Ala. 637, 179 So.2d 762 (1965); Warren v. State, 380 So.2d 305 (Ala.Cr.App.), cert. quashed, 380 So.2d 307 (Ala.1979). Where the evidence of self-defense is conflicting, as it was here, a jury question is presented. Streeter v. State, 278 Ala. 272, 177 So.2d 826 (1965); Moore v. State, 364 So.2d 411 (Ala.Cr.App.), cert. denied, Ex parte Moore, 364 So.2d 416 (Ala.1978).